UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
Charles Alden Perkins and       )      Case No. 09-11210C-7G
Kimberly Ann Perkins,           )
                                )
        Debtors.                )
                                )

<u>OPINION AND ORDER</u>

This case came before the court on November 17, 2009, pursuant to section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between the male Debtor ("Debtor") and Snap-on Credit, LLC ("Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure.   Arthur M. Blue appeared on behalf of the Debtor.

The reaffirmation agreement pertains to a debt in the amount of $5,494.04 which is secured by certain tools.  The reaffirmation agreement was filed with the court on October 16, 2009, and was therefore not filed with the court within sixty (60) days after the first date set for the section 341 meeting of creditors as required by Bankruptcy Rule 4008(a).  The Debtor filed his bankruptcy petition on June 30, 2009, and on the same date filed his statement of intentions indicating that he intended to retain his tools and reaffirm the debt with the Creditor.  The Debtor and his counsel signed the agreement and returned it to the lender well before the

expiration of the 60-day period specified in Rule 4008(a), but the agreement nonetheless was not filed by the Creditor until after the expiration of the 60-day period.

Upon reviewing the agreement, the record in this case, and the matters presented at the hearing, the court finds that the Debtor properly filed his statement of intention indicating that he wanted to reaffirm the debt, as required by section 524(c), and further, the Debtor signed the reaffirmation agreement and took all reasonable steps to perform his intention to reaffirm pursuant to section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtor and the Creditor, filed on October 16, 2009, is stricken and will not be approved by the court as the reaffirmation agreement was not filed with the court within sixty (60) days, as required by Bankruptcy Rule 4008(a). Further, since the Debtor timely complied with the requirements of section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, and was not responsible for the failure to file the reaffirmation agreement within the time allowed under Rule 4008(a), the court adjudges that (1) the automatic stay remains in effect, (2) the tools referred to in the agreement remain property of the estate pursuant to section 362(h)(1)(B), and (3) any ipso facto clause in the security agreement or other document signed by the Debtor remains ineffectual, as provisions of

section 521(d) that would give it effect have not been met, so long as the Debtor remains current in his payments on the property.  See Coastal Federal Credit Union v. Hardiman, 398 B.R. 161, 189 (E.D.N.C. 2008); In re Husain, 364 B.R. 211 219 (Bankr. E.D. Va. 2007); In re Hinson, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

This 19th day of November, 2009.

WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST


Charles A. Perkins
Kinberly A. Perkins
239 Rosalyn Road
Rockingham, NC 28379

Arthur M. Blue
P.O. Box 1540
Carthage, NC 28327


Michael D. West, Bankruptcy Administrator